# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **REYNOLD HULL,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE NO.** |
| v. : | **1:11-CV-3043-TWT** |
| : | |
| **GEORGIA DEPARTMENT OF** : | **[Magistrate Judge Baverman]** |
| **HUMAN RESOURCES, OFFICE OF** : | |
| **CHILD SUPPORT SERVICES;** : | |
| **LANEAYSA CUMMING, Manager;** : | |
| **KEITH NORTON, Director;** : | |
| : | |
| **Defendants.** : | |

## ORDER FOR SERVICE OF
## REPORT AND RECOMMENDATION

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), N.D. Ga. R. 72.1(B), (D), and Standing Order 08-01 (N.D. Ga. June 12, 2008). Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties or, if a party is not represented, upon that party directly.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within **fourteen (14)** days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error(s)

AO 72A
(Rev.8/82)

made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court.  If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review.  *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this   27th   day of   September  , 2011.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**ALAN J. BAVERMAN**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| REYNOLD HULL, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION FILE NO. |
| v. : | 1:11-CV-3043-TWT |
| : | |
| GEORGIA DEPARTMENT OF : | [Magistrate Judge Baverman] |
| HUMAN RESOURCES, OFFICE OF : | |
| CHILD SUPPORT SERVICES; : | |
| LANEAYSA CUMMING, Manager; and : | |
| KEITH NORTON, Director; : | |
| : | |
| Defendants. : | |

**UNITED STATES MAGISTRATE JUDGE'S ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

This matter is currently before the Court on Plaintiff's application to proceed *in forma pauperis* ("IFP"). [Doc. 1]. For the reasons below, the undersigned **GRANTS** Plaintiff's request to proceed IFP for these proceedings only, but **RECOMMENDS** that the case be **DISMISSED** for lack of subject-matter jurisdiction.

I.  Introduction

On September 12, 2011, Plaintiff filed an IFP application with this Court, seeking to bring a civil action against Defendants. [Doc. 1]. The entirety of Plaintiff's complaint is the following:

AO 72A
(Rev.8/82)

(1)   Theft by taking

(2)   Taking my stimulus check: money out of my Social Security check. Since 2005 for child support.

   I have never had a DNA Test after three trips, they refused to give me one.

(3)   Fraud and Discrimination: no child has ever been Found or Produced for DNA testing.

   I am requesting a trial by jury.

   I am requesting a Law-suit in the amount of Three-million dollars.

[Doc. 1-1 at 1-2].[1]

## II.   IFP Application

Plaintiff's IFP application indicates that Plaintiff's monthly income is $492 in retirement and $490 in disability payments. Plaintiff has $36 in cash. For major assets, Plaintiff lists a 1991 Ford Taurus that he values at $600. For monthly expenses, Plaintiff lists $350 for a mortgage, $60 for utilities, $200 for food, $50 for laundry, $50 for medical bills, $50 for transportation, $50 for recreation, $38 for life insurance, and $44 for car insurance.

---

[1]   Plaintiff repeated these allegations on the civil cover sheet. [Doc. 1-2 at 1].

2

The Court "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[2] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). This section is intended to provide indigent litigants with meaningful and equal access to the judicial system. *Neitzke v. Williams*, 490 U.S. 319, 324 (1988); *Adkins v. E.I. duPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948); *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997). Section 1915 does not, however, create an absolute right to proceed in civil actions without payment of costs. Instead, the statute conveys only a privilege to proceed to those litigants unable to pay filing fees when the action is not frivolous or malicious. *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).[3] Moreover, while the privilege of proceeding IFP

---

[2] Although Congress used the word "prisoner" here, § 1915 applies to non-prisoner indigent litigants as well as prisoners. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004); *see also Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998); *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997). The United States Court of Appeals for the Sixth Circuit has concluded that the use of the word "prisoner" here was a typographical error and that Congress intended to use the word "person" instead. *See Floyd v. United States Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997).

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the

does not require a litigant to demonstrate absolute destitution, " 'something more than mere statement and an affidavit that a man is "poor" should be required before a claimant is allowed to proceed in forma pauperis.' " *Levy v. Federated Dept. Stores*, 607 F. Supp. 32, 35 (S.D. Fla. 1984) (quoting *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968)). The affidavit required by the statute must show an inability to prepay fees and costs without foregoing the basic necessities of life. *Adkins*, 335 U.S. at 339.

Because Plaintiff's expenses outweigh his income, the undersigned **GRANTS** Plaintiff's motion to proceed IFP **for these proceedings only**. Because the undersigned has determined that Plaintiff may proceed IFP, the Court must perform a frivolity review pursuant to 28 U.S.C. § 1915(e).

### III.    Frivolity Review

Under § 1915(e)(2)(B), a court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune." *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, *1 (M.D. Ala. Aug. 10, 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim is frivolous under § 1915(e)(2)(B)(i) "if it

---

former Fifth Circuit rendered prior to the close of business on September 30, 1981.

4

is 'without arguable merit either in law or fact.' " *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Given the brevity and unclearness of Plaintiff's complaint, the undersigned will first examine whether this Court has subject-matter jurisdiction over the action. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Thus, a "district court first must determine whether it has original jurisdiction over the . . . claims" of the party asserting federal jurisdiction. *Id.* Original jurisdiction under § 1441 arises if there is diversity of parties or a federal question. *See* 28 U.S.C. § 1441(b); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). The undersigned will examine both bases for jurisdiction.

### 1. Diversity Jurisdiction

Under 28 U.S.C. § 1332, district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is

5

between citizens of different states. 28 U.S.C. § 1332(a). Under § 1332(a), an in-state plaintiff may invoke diversity jurisdiction in a federal court that sits in the state where the plaintiff resides. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) "Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person," like Plaintiff in this case. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). An individual is a citizen of a state when he is: (1) a United States citizen;[4] and (2) domiciled in the state.[5] *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *McCormick v. Aderholti*, 293 F.3d 1254, 1257 (11th Cir. 2002). "Thus, mere residency is not enough to establish citizenship for diversity jurisdiction." *Gordon v. Autumn Village 2, LLC*, No. 5:08-cv-348, 2008 WL 4682249, *1 (M.D. Ga. Oct. 21, 2008). "A complaint

---

[4] A person is a citizen if he is born or naturalized in the United States. *See Tucker v. Thomasville Toyota*, No. 7:08-cv-90, 2008 WL 2789029, *2 (M.D. Ga. July 16, 2008) (citing U.S. CONST. amend. XIV, § 1).

[5] " 'A person's domicile is the place of his true fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.' " *McCormick v. Aderholti*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)).

merely alleging residency, as opposed to state citizenship or domicile, may be insufficient to invoke diversity jurisdiction . . . because domicile is not always the same as residence, as a person may reside in one place but be domiciled elsewhere." *Tucker*, 2008 WL 2789029 at *2 (citing *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998); *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

The undersigned concludes that Plaintiff has not met his burden of establishing diversity of citizenship. Plaintiff has not alleged the citizenship of any party, including his own. While Plaintiff has indicated his residence, as stated above that does not demonstrate citizenship. *Gordon*, 2008 WL 4682249 at *1. Because Plaintiff has not established the citizenship of the parties, this Court cannot conclude that diversity jurisdiction exists. For this reason, this Court has no diversity jurisdiction over Plaintiff's action. *See King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007) (quoting *Slaughter v. Toye Bros. Yellow Cab Co.*, 359 F.2d 954, 956 (5th Cir. 1966) ("The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff.")).[6]

---

[6] Although it is unnecessary for resolution of this issue at this stage of the proceedings, the undersigned notes the following statement from the Eleventh Circuit:

Having concluded that diversity jurisdiction does not exist, the undersigned will now examine the possibility of federal-question jurisdiction.

### 2. Federal Question Jurisdiction

A federal question exists if a civil action is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Although it is not entirely clear from the limited factual assertions of the complaint, it may be that Plaintiff is arguing that child-support payments are being garnished from his Social Security income even though a paternity test was never conducted. [*See* Doc. 1-1 at 1-2 ("Taking my stimulus check: money out of my Social Security check. Since 2005 for child support. I never had a DNA test after three trips,

---

> Where jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Moreover, it is well established that a state is not a citizen of a state for the purpose of diversity jurisdiction under 28 U.S.C. § 1332. *See Moor v. Alameda County*, 411 U.S. 693, 717, 93 S.Ct. 1785, 1800, 36 L.Ed.2d 596 (1973) (citing *Postal Tele. Cable Co. v. Alabama*, 155 U.S. 482, 487, 15 S.Ct. 192, 194, 39 L.Ed. 231 (1894)). A public entity or political subdivision of a state, unless simply an "arm or alter ego of the State," however, is a citizen of the state for diversity purposes. *Moor*, 411 U.S. at 717-18, 93 S.Ct. at 1800 (internal citations omitted). Therefore, if a party is deemed to be "an arm or alter ego of the State," then diversity jurisdiction must fail.

*Univ. of S. Ala.*, 168 F.3d at 412.

8
AO 72A
(Rev.8/82)

they refused to give me one.")]. Pursuant to 42 U.S.C. § 659, Social Security payments are subject to garnishment under state law to provide child support and alimony. 42 U.S.C. § 659(a). The garnishment law itself, however – including the law providing a means to contest garnishment proceedings – is state law. *See* O.C.G.A. § 18-4-1 *et seq.* Thus, if Plaintiff's complaint is intended to attack this garnishment, his complaint is premised on a state-law claim. Because Plaintiff's complaint does not "aris[e] under" federal law, 28 U.S.C. § 1331, this Court has no subject-matter jurisdiction over his complaint.[7]

Because neither diversity-of-citizenship jurisdiction nor federal-question jurisdiction exists, this Court has no subject-matter jurisdiction over Plaintiff's action. In the event that the undersigned has misunderstood Plaintiff's complaint, Plaintiff is free to submit an amended complaint – with substantially greater factual allegations,

---

[7] The undersigned notes that even if this Court were to consider the merits of Plaintiff's claim, it is not clear that this Court could provide him with a remedy. *See Wilson v. Grimes*, 232 Ga. 388, 388, 207 S.E.2d 5, 5 (1974) (noting, in an action to enjoin a wage garnishment, that "Appellant has no basis for his complaint in the absence of an attack upon the alimony judgment").

9

including the date of any prior court proceedings and judgments – outlining why he believes he is entitled to relief.[8]

## III.  Conclusion

For the above reasons, the undersigned **GRANTS** Plaintiff's application to proceed IFP for these proceedings only, [Doc. 1], but **RECOMMENDS** that this case be **DISMISSED** for lack of subject-matter jurisdiction.  The Clerk is **DIRECTED** to mail Plaintiff's copy of this Order and Report and Recommendation to the following address:

> Reynold Hull
> 3216 Morton Bend Rd.
> Rome, GA 30161

---

[8] The undersigned notes that, to the extent Plaintiff is seeking to bring a claim under 42 U.S.C. § 1983, a plaintiff who brings a § 1983 claim in Georgia must file his lawsuit within two years of when the facts supporting the § 1983 cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.  *See Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003); *Bryant v. Jones*, 696 F. Supp. 2d 1313, 1318 (N.D. Ga. 2010) (Duffey, J.) ("[T]he statute of limitations for § 1983 claims is the Georgia state statute of limitations for claims related to injuries to a person, which is two years.") (footnote omitted).  As such, it may be that any § 1983 claim premised on events that transpired prior to September 12, 2009, are time-barred.  Also, if Plaintiff is attacking 2005 state court judgment resulting in garnishment of his benefits, the statute of limitations for attacking said judgment appears to have expired.  O.C.G.A. § 9-11-60(f) (". . . all motions to set aside judgments shall be brought within three years from entry of the judgment complained of.").

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED, RECOMMENDED, AND DIRECTED**, this 27th day of September, 2011.

---
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

11

AO 72A
(Rev.8/82)